**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**JIMMY O. SNIPES,**

    **Plaintiff,**

**v.**                                                   **Case No. 8:08-cv-1898-T-TBM**

**MICHAEL J. ASTRUE,
Commissioner of the United States
Social Security Administration,**

    **Defendant.**
_____/

**O R D E R**

The Plaintiff seeks judicial review of the denial of his claim for Social Security disability benefits and Supplemental Security Income payments. For the reasons set out herein, the decision is affirmed.

I.

Plaintiff was forty-six years of age at the time of his administrative hearing in January 2008. He stands five feet, eight and a half inches tall and weighed 250 pounds, down from 267. Plaintiff has a high school education. His past relevant work consisted of doing housekeeping and janitorial work for a hotel. Plaintiff applied for disability benefits and Supplemental Security Income payments in November 2005, alleging disability as of November 4, 2005, by reason of a herniated disc in his back with related back pain and

numbness in his hands and feet. The Plaintiff's applications were denied originally and on reconsideration.

The Plaintiff, at his request, then received a *de novo* hearing before an Administrative Law Judge ("ALJ"). The Plaintiff was represented at the hearing by counsel and testified in his own behalf. In essence, Plaintiff testified that he is unable to work due to back pain resulting from his automobile accident in 2004 and due to the pain medication he takes which makes him sleepy. Plaintiff testified that he stopped working in November 2005. For the ten years prior to that, he was employed at a hotel cleaning up the outside grounds area. His duties included picking up trash, dumping the trash, and cleaning out spider webs.

Plaintiff was involved in a motor vehicle accident in late 2004 in which a truck ran a stop sign, hitting the passenger side of his vehicle, and knocking his vehicle into a ditch. As a result, he sustained injuries to his spine at the L4-5 level. It was recommended that Plaintiff lose weight before undergoing surgery. He had some physical therapy. He currently treats the pain with medication only–Percocet and another medication– which put him to sleep. Even with the medication, his back still hurts. He also takes a water pill and medication for high blood pressure. He received a financial settlement from the accident.

Plaintiff testified that his back pain goes down into both of his legs; it feels like pins sticking him. Although walking eases the pain a bit, he is only able to walk thirty to fifty feet. Sometimes when he walks, the pain will hit him like a knife and cause him to fall. As for standing, he estimates he can stand for approximately ten to fifteen minutes before he experiences pain in his whole back from the neck down his back, into his legs, and down

2

almost to his toes.  He testified that he can sit only fifteen to twenty minutes at a time before having to get up, and he estimates that he is able to lift only a pound or two.

As for daily activities, Plaintiff wakes around 9:30 or 10:00 in the morning.  He has to sit there for a while before doing anything.  By Plaintiff's account, he will then get up, take his medications which he is able to keep track of himself, and then he will go for a walk around the block.  He then has to rest for five or ten minutes, and then will get up and walk again.  He watches some television and will occasionally drive and do some errands.  He lives with his mother but does not do any cleaning, clothes washing, or cooking.  He will on occasion visit with friends and attend church, but he cannot sit through a whole service of church; he has to get up and move around during the service before sitting back down.  After Plaintiff takes his pain medication, he gets extremely tired and has to take a four to five-hour nap.

According to Plaintiff, he sees a doctor once per month and insurance pays for his pain medications.  Dr. Sukumar Mathan recommended surgery if Plaintiff loses some weight, although there is no guarantee the operation will help.  At one point, Plaintiff did wear a back brace, but he does not wear it always because it kept slipping off.  Although he did not seek treatment with a doctor for it, Plaintiff testified that he had a problem with wetting the bed– four times.  He also complains that his sex life is not what it used to be.

Plaintiff was recently diagnosed with lymphoma.  The doctors will need to continually check him, give him blood tests, and do a CAT scan to see if it comes back.  For now, the doctors are just monitoring it.  (R. 279-95).

Also before the ALJ were medical records outlining the Plaintiff's medical history. These matters are addressed adequately by the parties' memoranda and are set forth herein as necessary.

By his decision of February 25, 2008, the ALJ determined that while Plaintiff has severe impairments related to degenerative disc disease of the spine, chronic back pain, and lymphoma, he nonetheless had the residual functional capacity to perform at least the full range of sedentary work.[1]  Upon this finding, the ALJ concluded that while Plaintiff could not perform his past work, he could perform jobs available to him in the local and national economy.  Upon this conclusion, the Plaintiff was determined to be not disabled.  (R. 13-20). The Appeals Council denied Plaintiff's request for review.

II.

In order to be entitled to Social Security disability benefits and Supplemental Security Income payments a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has

---

[1] "Sedentary work" involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.  20 C.F.R. §404.1567(a).  Social Security Ruling 83-10 elaborates on the definition of sedentary by providing that, "[o]ccasionally means occurring from very little up to one-third of the time," and that "periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday."  *Kelley v. Apfel*, 185 F.3d 1211, 1213 n.2 (11th Cir. 1999).

4

lasted or can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* at § 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See id.* at § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Commissioner must apply the correct law and demonstrate that he has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. *Celebrezze v. O'Brient*, 323 F.2d 989 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial

evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. *Miles*, 84 F.3d at 1400; *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).

The ALJ, in part, decided the Plaintiff's claim pursuant to Regulations designed to incorporate vocational factors into the consideration of disability claims. *See* 20 C.F.R. §§ 404.1501, *et seq.* These Regulations apply in cases where an individual's medical condition is severe enough to prevent them from returning to their former employment, but may not be severe enough to prevent them from engaging in other substantial gainful activity. In such cases, the Regulations direct that an individual's residual functional capacity, age, education, and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules that are appended to the Regulations and are commonly referred to as "the grids." *Id.* at Part 404, Subpt. P, App. 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. *Id.* at § 404.1569. If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability, but is advisory only. *Id.* at § 404.1569a.

The scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988).

III.

The Plaintiff raises two claims on this appeal. As stated by the Plaintiff, they are as follows:

(1) The ALJ did not properly evaluate the opinions of the physicians in this case; and

(2) The ALJ's credibility determination in this case was flawed.

On his first argument, Plaintiff urges that the ALJ ignored applicable standards in reviewing the medical opinions of Dr. Frank Gomes, M.D., and inappropriately gave greater weight to the opinions of Dr. Baoan Andy Le, M.D. Thus, he complains that the ALJ should have fully credited the opinions of Dr. Gomes, a treating neurosurgeon, who opined that Plaintiff has a symptomatic disc herniation at L4-5 causing significant low back and bilateral leg pain and numbness such that he is unable to work.[2] Instead, the ALJ relied upon the conclusions of a consulting examiner who rendered his opinions after only one consult and without the benefit of any other medical records. Plaintiff further notes that Dr. Gomes is a board certified neurological surgeon with a spine specialty, whereas Dr. Le has no listed specialty, he had no records or laboratory tests to review, and his own examination of the Plaintiff revealed positive straight leg testing, decreased sensation, and paravertebral muscle spasms. Citing applicable regulations, he urges that the opinion of the specialist who had the advantage of seeing the MRI should carry greater weight. Plaintiff further urges that the

---

[2]In the note dated January 10, 2006, Dr. Gomes added that "[b]ased on [Plaintiff's] present condition, he is unable to return to work. Based on his skills primarily working and housekeeping with repetitive lifting, it is my opinion within reasonable medical probability that the patient will not be able to return to sustainable gainful employment. Based on his skills, he has a permanent and total disability." (R. 154). In contrast, Dr. Le assessed Plaintiff capable of sedentary exertional work. (R. 159).

7

ALJ's reasons for discounting the opinion of Dr. Gomes are not supported by substantial evidence. Thus, the ALJ finding that doctor's opinion lacked an objective basis is clearly wrong as Gomes expressly referenced objective medical findings, namely the MRI of February 16, 2005, to support his conclusions.[3] (Doc. 15 at 8-11).

The Commissioner responds that the ALJ properly considered the opinion of disability from Dr. Gomes and gave it little weight. First, the Commissioner submits that Dr. Gomes is not a "treating physician" or "treating source" as those terms are defined in the regulations, and thus is not entitled to controlling weight. Specifically, the Commissioner notes there is only one record of treatment in January 2006 and that examination note reflects one prior visit in April 2005. These two visits do not constitute the "ongoing treatment relationship" necessary to be considered a treating source.[4] Additionally, the Commissioner urges that Dr. Gomes's January 10, 2006, opinion of disability cannot be considered a "medical opinion" because such determinations are reserved for the Commissioner because they are administrative findings that are case dispositive. The Commissioner argues that the ALJ properly discounted Dr. Gomes's January 2006 opinion because it was based on an MRI not found in the record and which pre-dated Plaintiff's alleged date of disability; he did not

---

[3]Plaintiff acknowledges that the MRI dated February 16, 2005, which Dr. Gomes references is not part of the record, but Plaintiff points out that the subsequent MRI dated August 16, 2006, nevertheless confirms the disc herniation at L4-5, and no evidence in the record contradicts Dr. Gomes's opinion. (Doc. 15 at 10).

[4]In support, the Commissioner cites *Turner v. Astrue*, No. 5:07cv09/RS-EMT, 2008 WL 595943, at *6-8 (N.D. Fla. Feb. 29, 2008), in which the court, citing the regulations at 20 C.F.R. § 404.1502, ruled that a physician who saw the plaintiff on only two occasions did not have an "ongoing treatment relationship" and was not a "treating source."

8

assign any functional limitations to Plaintiff; and his physical examination of the Plaintiff revealed Plaintiff's strength was 5/5, his coordination was normal, and he experienced no sensory loss. Thus, the Commissioner urges the objective medical findings do not support Dr. Gomes's opinion of disability. As to the opinions of consultative examiner, Dr. Le, Plaintiff has failed to meet his burden of showing that Dr. Le's opinion was not entitled to greater weight, and the ALJ was not required to accept the opinion of Dr. Gomes in the presence of the less restrictive opinion from Dr. Le. (Doc. 16 at 4-9).

In this Circuit, when considering a treating physician's testimony, the ALJ must ordinarily give substantial or considerable weight to such testimony unless good cause is shown to the contrary.[5] *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004); *Lewis v. Callahan*, 125 F.3d 1436,1440 (11th Cir. 1997); *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986); *see also* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Such a preference is given to treating sources because such sources are likely to be best situated to provide a

---

[5]The regulations define a "treating source" as

> your own physician, psychologist, or other acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, on ongoing treatment relationship with you. Generally, we will consider that you have an ongoing treatment relationship with an acceptable medical source when the medical evidence establishes that you see, or have seen, the source with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for your medical condition(s).

20 C.F.R. §§ 404.1502, 416.902. A medical source who has treated or evaluated a claimant only a few times or only after long intervals (e.g., twice a year) may be considered a treating source if the nature and frequency of the treatment or evaluation is typical for the conditions. *Id.*

9

detailed and longitudinal picture of the medical impairments. *Lewis*, 125 F.3d at 1440. Furthermore, the ALJ must specify the weight given to the treating physician's opinion or reasons for giving the opinion no weight, and the failure to do so is reversible error. *MacGregor*, 786 F.2d at 1053; *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987). Good cause for rejecting a treating source's opinion may be found where the treating sources's opinion was not bolstered by the evidence, the evidence supported a contrary finding, or the treating source's opinion was conclusory or inconsistent with his or her own medical record. *Phillips*, 357 F.3d at 1240-41 (citing *Lewis*, 125 F.3d at 1440); *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). In this circuit, where the Commissioner has ignored or failed properly to refute the treating physician's testimony, such testimony, as a matter of law, must be accepted as true. *MacGregor*, at 1053.

Initially, it is not at all clear that Dr. Gomes had a treating relationship with Plaintiff as such is defined by the regulations. As the doctor's note reflects, he saw Plaintiff on two occasions, once in April 2005 and once in January 2006 when he authored his note. *See* (R. 154). The limited records suggest no on-going treatment relationship. Further, the note dated January 10, 2006, indicates that the doctor's opinion was based on a review of records rather that any treatment actually rendered and that the purpose of Plaintiff's visit was for a surgical consult, rather than treatment. In any event, even if Dr. Gomes was a treating doctor, his opinion on disability was not binding on the ALJ. *See* 20 C.F.R. §§ 404. 1527(e), 416.927(e). Furthermore, as noted above, beyond the statement on disability, the doctor's notes reveal no findings sufficient to compel a finding of disability even if he was a treating

doctor. I do agree with Plaintiff that the ALJ spoke too broadly in stating that Dr. Gomes did not reference any specific objective medical findings to support his opinion (R. 18), because, as the ALJ had himself noted (R. 16), the doctor referenced an MRI revealing a disc herniation at L4-5. Nevertheless, this error does not call into question the ALJ's ultimate finding that the doctor's records did not reveal specific medical findings to support a conclusion that Plaintiff was entirely disabled.[6] Here, I conclude the ALJ has stated an adequate basis for discounting the doctor's opinions.

As for the ALJ's adoption of the functional assessment by Dr. Le, I find no reversible error in this either. First, apart from his statement about disability, Dr. Gomes's findings on physical examination are not at odds with those of Dr. Le. Indeed, when the findings of these two are compared, they are similar in revealing evidence supportive of low back pain and reduced range of motion, but essentially normal strength and sensory findings. As for Dr. Le's functional assessment, I conclude that it is not contradicted by any specific findings by Dr. Gomes. Furthermore, by my review of the whole of the medical record, the assessment by Dr. Le is supported by the records, and Plaintiff makes no demonstration to the contrary.

On his second claim, Plaintiff urges the ALJ's credibility determination was flawed. Noting that the ALJ relied on the Heart of Florida Regional records which indicated that Plaintiff could perform all activities of daily living without assistance, Plaintiff urges that his visit to the hospital on those two occasions in November 2005 were believed to be due to

---

[6]The notes from January 2006, do reflect findings consistent with low back pain. (R. 155). However, they also reflect normal neurologic findings as well. *Id.* Beyond these findings, there are no specific findings by Dr. Gomes related to other functional limitations.

11

flare-ups of his back pain, and he just assumed he could still continue his daily functions. Alternatively, given the identical language contained in the two treatment notes, the reference to being able to perform daily activities could merely be standard language contained in all discharge summaries.

Additionally, Plaintiff contends that the ALJ was incorrect in rejecting his complaints of pain merely because he stated in January 2006 that his back pain was relieved by medication and there was a doctor's note reflecting Plaintiff's pain was controlled by medication. Such notes that Plaintiff's pain was "relieved" or "controlled" does not comment on whether Plaintiff was still experiencing some level of pain. Thus, his testimony at the hearing as to his experiencing pain should have been taken into consideration. Further, the fact that in 2006 Plaintiff indicated he did not experience side effects from his medication is not necessarily inconsistent with Plaintiff's testimony in 2008 that he experienced side effects in light of the fact his Percocet dosage had been increased in 2007. (Doc. 15 at 12-15).

In response, the Commissioner submits that the ALJ's credibility finding was supported by substantial evidence. Specifically, the Commissioner argues that the Plaintiff gave contradictory testimony concerning his physical limitations, the medical evidence revealed that Plaintiff could perform all of his activities of daily living without assistance despite his complaints of chronic pain, the Plaintiff gave contradictory testimony regarding the side effects of his medications, and Plaintiff's subjective complaints of disabling pain were undermined by his statements that his pain was relieved by medication. The Commissioner urges that where, as here, the ALJ has articulated specific adequate reasons for discrediting

Plaintiff's allegations, this court shall not disturb the ALJ's credibility findings. (Doc. 16 at 10-14).

In this Circuit, where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so or the record must be obvious as to the credibility finding. *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995); *Jones v. Dep't of Health & Human Servs.*, 941 F.2d 1529, 1532 (11th Cir. 1991). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987). The lack of a sufficiently explicit credibility finding may give grounds for a remand if the credibility is critical to the outcome of the case. *Smallwood v. Schweiker*, 681 F.2d 1349, 1352 (11th Cir. 1982). Thus, where credibility is a determinative factor, the ALJ must explicitly discredit the testimony or the implication must be so clear as to amount to a specific credibility finding. *Foote*, 67 F.3d at 1562.

I conclude that the Plaintiff is not entitled to relief on this claim either. Initially, Plaintiff makes no claim, nor can he, that the ALJ failed to apply the appropriate standard to his subjective testimony. Although the decision does not expressly reference this Circuit's "pain standard," the ALJ does cite the applicable regulatory provisions (R. 17), which when properly applied satisfy the pain standard. *See Wilson v. Barnhart*, 284 F.3d 1219, 1226 (11th Cir. 2002). Here, while the ALJ credited Plaintiff with underlying medical conditions which could give rise to the alleged symptoms, he discounted the rather extreme symptoms and claims made by the Plaintiff as incredible. In doing so, the ALJ noted specific findings or

13

statements by Plaintiff from the medical records that cast doubt on his veracity. While the Plaintiff here urges that such matters are insignificant or can be explained away, he does not establish the inaccuracy of the ALJ's findings or that they were not appropriately considered. Records from the Heart of Florida Regional Medical Center and Dr. Sukamar Mathan, a treating doctor, do cast doubt on the Plaintiff's rather over-the-top claims of disabling symptoms. As the ALJ accurately points out, they also reveal inconsistencies in Plaintiff's reporting which are appropriately considered as well. Furthermore, these credibility findings are appropriately read in the context of the ALJ's fair review of the entire medical record which immediately preceded the credibility findings. On this claim, I conclude that the ALJ has adequately stated reasons in support of his credibility finding.

IV.

For the foregoing reasons, the decision of the Commissioner of the United States Social Security Administration is in accordance with the correct legal standards and is otherwise supported by substantial evidence. The decision is affirmed. Accordingly, the Clerk is directed to enter Judgment in favor of the Defendant and to close the file.

**Done and Ordered** at Tampa, Florida, this 4th day of January 2010.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record